IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THERESA JARVIS,

                Plaintiff,                        OPINION AND ORDER

v.

                                                         18-cv-771-wmc

ANDREW SAUL,
Commissioner of Social Security,

                Defendant.

Plaintiff Theresa Jarvis filed this lawsuit seeking review of an administrative decision that denied her request for disability benefits under the Social Security Act. Before plaintiff's appeal was briefed, however, the parties submitted a joint motion to remand (dkt. #12), which this court granted (dkt. #13). On remand, plaintiff Jarvis obtained a favorable decision and an award of past-due benefits from the Commissioner.

Jarvis's attorney, Curtiss Lein, subsequently moved for an award of attorney's fees under 42 U.S.C. § 406(b). (Dkt. #23.) However, observing that Attorney Lein waited over seven months after the notice of award to file the instant motion, the Commissioner "opposes payment of the full requested fee . . . on the basis that counsel's motion is untimely." (Def.'s Opp'n (dkt. #24) 1, 3.) Instead, the Commissioner "recommends a reduction in the fee award and defers to the Court's discretion as to the amount to be reduced." (*Id.*) For the reasons discussed below, the court agrees that, at minimum, a reduction in the fee award is appropriate.

BACKGROUND

On June 12, 2014, Jarvis entered into a fee agreement with Lein Law Offices,

agreeing that if she were to prevail on appeal, Lein Law Offices would receive an attorney fee of 25% of all back benefits awarded in her case. (Dkt. #23-1.) After appealing the initial denial of her disability application to this court and obtaining a remand for further proceedings pursuant to a joint stipulation by the parties, the parties then also stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 1412, in the amount of $4,814.91. (Dkt. #22.) On remand, the Commissioner found that Jarvis had been disabled since December of 2013, and sent counsel a notice on January 21, 2020, that plaintiff was authorized to charge and collect a fee of $7,815 for representing Jarvis during those proceedings.

On June 30, 2020, the Commissioner further sent plaintiff a Notice of Award describing $86,696 in past-due benefits, of which the Commissioner had withheld $21,724 for possible payment of attorney's fees. (Dkt. #23-2 at 1-6.) Despite a copy of the notice also being sent to plaintiff's counsel that same day, counsel apparently failed to respond. Then, on January 30, 2021, the Social Security Administration sent *another* letter to counsel, indicating that the agency was now withholding only $13,909 from plaintiff's past due benefits, representing 25% of plaintiff's award *minus* the $7,815 previously paid to counsel under section 206(A). (Dkt. #23-2 at 7-8.)

On February 4, 2021, plaintiff's counsel, Curtiss Lein, apparently filed for the first time the present motion seeking an award for attorney's fees of $13,909 under 42 U.S.C. § 406(b), of which he intends to refund $4,814.91 to plaintiff for the previously-awarded attorney's fee under the EAJA. In support of his fee request, Lein also submitted an affidavit from the plaintiff, Theresa Jarvis, in which she supports his requested fee. Finally,

as of the date of the parties' filings, the Social Security Administration would appear to still be withholding $13,909 of plaintiff's past due benefits.

OPINION

The Social Security Act authorizes a court that enter an award "as part of its judgment" favorable to a social security claimant, a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled "by reason of such judgment." 42 U.S.C. § 406(b)(1)(A).[1] At the same time, Federal Rule of Civil Procedure 54(d) provides that a motion for attorney's fees must be filed no later than fourteen days after the entry of judgment.

Various courts, including this one, have observed that a practical problem arises in applying Rule 54(b) to attorney fee awards under § 406(b), because while the district court's remand order is the relevant final judgment under Rule 54(d), the Commissioner typically does not calculate the amount of past-due benefits until months after the remand, thus making the fourteen day deadline practically unmeetable. *See Sinkler v. Berryhill*, 932 F.3d 83, 87 (2d Cir. 2019) ("Rule 54(d)(2)(B) may present a deadline that cannot be met within fourteen days" of a district court's remand order on a social security appeal) (internal quotations omitted); *Walker v. Astrue*, 593 F.3d 274, 278 (3d Cir. 2010) ("[A] strict application of Rule 54(d)(2)'s fourteen-day filing deadline is impossible where a court

---

[1] Such fees are then to be paid by the plaintiff out of the plaintiff's past due benefits award. Thus, while the Commissioner "has no direct financial stake in the answer to the § 406(b) question," he still "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

remands under § 406(b) for administrative determination of benefits."); *Waldemar v. Berryhill*, No. 15-CV-500-JDP, 2018 WL 4076449, at *1 (W.D. Wis. Aug. 27, 2018) (explaining that the fourteen day deadline imposed by Rule 54(d) is "impossible for counsel to meet in the majority of Social Security appeals").

Accordingly, the Seventh Circuit held some time ago that a petition for fees under § 406(b) must instead be brought within a "reasonable time," although that decision relied on an earlier version of Rule 54 that did not impose any specific filing deadline. *Smith v. Bowen*, 815 F.2d 1152, 1156 (7th Cir. 1987). Other courts of appeals have subsequently had the opportunity to reconsider the relationship between § 406(b) motions and the contemporary version of Rule 54(d), and the Second, Third, Fifth and Eleventh Circuits have concluded that while the Rule 54(d) deadline applies, it is tolled until the notice of the award of past-due benefits. *See Sinkler*, 932 F.3d at 87-88; *Walker*, 593 F.3d at 280. In other words, upon receipt of a notice of the Commissioner's actual award, plaintiff's counsel has fourteen days to seek fees timely. In contrast and in keeping with the Seventh Circuit's *Smith* decision, the Tenth Circuit has held that the "best option" is for counsel to seek fees "within a reasonable time of the Commissioner's decision awarding benefits" under the "grant reservoir of equitable power" of Rule 60(b)(6). *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006).

Although bound by Seventh Circuit case law to apply a "reasonableness" test, Attorney Lein's motion is untimely under either test. Indeed, it is undisputed that Lien waited seven months and nine days -- 219 days -- after the June 30, 2020 Notice of Award was issued to file his present § 406(b) motion for fees with this court. Not only is this

delay far greater than the fourteen day deadline set by Rule 54(d) even with tolling, but it neither can be said to be within a "reasonable time." *See Waldemar v. Berryhill*, No. 15-CV-500-JDP, 2018 WL 4076449, at *1 (W.D. Wis. Aug. 27, 2018) (explaining that § 406(b) motion filed 100 days after the notice of award was untimely under either the fourteen day after notice-of-award rule or the "reasonable time" rule).

Moreover, Attorney Lein has failed to explain his long delay adequately. Addressing the issue of timing for the first time in his reply brief, Lein offers the following explanations for his more then seven month delay in petitioning for fees: (1) the agency's second letter dated January 30, 2021, suggests that he still had time to petition for a fee; (2) he has "always relied upon receipt of the actual check as being the trigger point for submission of the § 406(b) petition" because it could "possibly happen" that the agency could issue an amount less than that ordered by the ALJ; and (3) no prejudice was caused to his client by his delay, as she will still get "exactly what she's due." (Pl.'s Reply (dkt. #26) 1-2.)

None of these explanations begin to excuse Lien's unreasonable delay in seeking attorney fees under § 406(b). First, as for his assertion that the agency suggested as late as January of 2021 that he still had time to petition for a fee, it is not the agency's role to extend this deadline, but rather for the court. Second, to the extent that Attorney Lein has adopted a personal practice of waiting until a check is *actually issued* to his client before requesting fees, he needs to stop that practice, especially since his rationale that the check amount could "possibly" differ from the ALJ's award is baseless. Not only is the agency legally bound to pay the awarded amount, but should it fail to do so, the remedy would be for Lien to request review of the faulty amount awarded, not to ignore his own obligation

5

to move for fees timely after receiving the Notice of Award from the agency. Third and finally, the delay *has* prejudiced Lein's client, as his delay has meant that she has yet tp receive the $4,814.91 amount of EAJA fees that counsel had previously received and must now refund as a result of the actual § 406(b) award.

Nevertheless, Federal Rule of Civil Procedure 6(b) "allows a court to grant an extension of time with respect to most rules, including Rule 54(d)." *Srivastava v. Trustees of Indiana Univ.*, No. 99-3272, 2000 WL 975172, at *3 (7th Cir. July 11, 2000) (citing *Lorenz v. Valley Forge Ins. Co.*, 23 F.3d 1259, 1261 (7th Cir. 1994)). For a number of reasons, the court will exercise its discretion under Rule 6(b) to relieve Attorney Lein of part of the impact of his late-filed motion. First, the proper timing to move for attorney's fees under § 406(b) is admittedly muddled by the inconsistencies in Rule 54(b) and § 406(b), although not sufficiently to excuse Lein's unreasonable delay in seeking fees. Second, the claimant herself submitted a declaration stating that she supports an award of fees. Third, the Commissioner likewise agrees that some award is appropriate.

At the same time, the fee award will be reduced to account for the prejudice suffered by the claimant as a result of Lein's delay. In particular, Lein must subtract from his award $405.64 and add it to the $4,814.91 of EAJA fees that he must refund to Jarvis. This $405.64 amount represents the interest on the $4,814.91 EAJA refund from the period of July 14, 2020 (fourteen days after the notice of award) through February 4, 2021 (the date

of his untimely § 406(b) motion).[2] *See Toth v. Saul*, No. 1:17-CV-00516-SLC, 2020 WL 6441313, at *4 (N.D. Ind. Nov. 3, 2020) (granting late-filed § 406(b) motion, but requiring counsel to pay interest on delayed EAJA refund owed to claimant); *Scharlatt v. Astrue*, No. C 04-4724 PJH, 2008 WL 5000531, at *6 (N.D. Cal. Nov. 21, 2008) (same).

ORDER

IT IS ORDERED that Attorney Lien's motion for an award of fees in the amount of #13,909.00 (dkt. #23) is GRANTED subject to his refunding $5,220.55 from that award to his client Theresa Jarvis.

Entered this 1st day of March, 2021.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] The interest rate was calculated based on the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, which is what is used under 28 U.S.C. § 1961 to calculate post-judgment interest rates on money judgments in federal civil cases. *See* Data Download Program, Federal Reserve, https://www.federalreserve.gov/datadownload/Choose.aspx?rel=H.15; and https://www.casb.uscourts.gov/sites/casb/files/documents/postjudgment/historic_rates.pdf]